McFarland, J.,
delivered tlie opinion of the court:
The bill charges that the defendant, James M. Robertson, as surviving partner of the firm of Robertson & Walker, attorneys-at-law, of ' Huntsville, Alabama, brought suit against complainant as executor of Cornelius Allen) deceased, before a justice of the peace of Lincoln county, to recoAer a fee of four hundred dollars duo them from said Allen. The cause ivas taken by appeal to the circuit court, where it is now pending. Complainant does not deny the justice of this claim, but files the present hill to obtain a set-off upon the following allegations: Complainant’s testator, Allen, held a draft drawn by J. W. Scruggs, of Corinth, Mississippi, on Scruggs & Co., accepted by them, for one hundred and twenty dollars, payable at sixty *55 days, to tlie order of Allen, at a bank in RTashville, and dated 29tli of April, 1871. The draft not being paid, was drily protested, and said Allen, on the — day of - — , 3871, placed the same in the hands of said firm of Robertson & Walker, as attorneys, for collection. The following is the language of the material parts of this bill: “Complainant expressly charges that said firm of Robertson & Walker wholly failed and neglected to collect said draft, or to bring snit thereon, and prosecute the same to judgment. Complainant is informed, believes, and charges that if the said Robertson & Walker had used that diligence which is required of attorneys in the collection of such claims as the one above referred to, at the time the same was placed in their hands for collection, the same could have been collected, either from J. W. Scruggs, the drawer, or from Scruggs & Co., the acceptors thereof; wherefore, complainant charges that the amount of said draft, by the negligence of said attorneys, has been lost to the estate of C. Allen; and complainant is advised that'if said draft has been lost to the estate of said Allen by the negligence of said Robertson & Walker to collect the same, or to take judgment and thus perpetuate the evidence of the claim, in either event said firm are liable for the amount of the claim,- to be set off against their claim aforesaid.” An answer on oath was waived, and an answer was filed by attorneys.
It admits the drawing of the draft referred to, but denies that it was accepted by Scruggs & Co. Says there was no such firm. The acceptance was by J. W. Scruggs, and he alone was liable. Admits that the draft was placed in the hands of Robertson & Walker for collection. The material responses are as follows: “Respondent denies that the firm of Robertson & Walker were guilty of negligence as attorneys in failing to collect or bring suit on the said draft against J. W. Scruggs or Scruggs & Co. Respondent denies that the said draft could have been collected from *56 any of the parties liable on the same. Respondent denies that the amount of said draft ivas lost to the estate of Allen by the negligence, misconduct, or other fault of the firm of which he was a member.” The answer then states that J. W. Scruggs died in August, 1871; that he was insolvent before and at his death, and had been for more than ten years, and his estate is now insolvent; that said Allen was notified that the laws of Alabama required nonresident plaintiffs to give security for costs, and this security was not at any time furnished.
The answer was filed September 7, 1876, and at the April term, 1S77, the cause was tried upon bill, answer, and exhibits, without proof.
The chancellor’s decree ivas for the complainant, upon the ground that the reasons shown by the answer for failing to collect the draft were in avoidance and not supported by proof. The defendant has appealed. We may take it that the answer admits that no suit was brought upon the draft. This is not directly admitted, but is fairly to be inferred. One excuse given for this is, that Allen was notified that the laws of Alabama required nonresident plaintiffs to give security, and that he failed to do so. This, we tkinkj was matter in avoidance, which the defendant should have proven. From the nature of the fact alleged the complainant could not have been required to disprove it in the first instance. But the next question is, whether the averments of the answer as to the insolvency of Scruggs, and that there was no one else liable on the draft, were responsive to the bill or in avoidance. The allegation of the bill is, that had due diligence been used, the claim could have been collected from J. W. Scruggs or Scruggs & Co., though who composed this firm is not charged.
The answer then is that the claim could not have been collected by due diligence, denies that J. W. Scruggs had any partner, and avers that he was insolvent. Is this re *57 sponsive? "We tliink it is. The charge of the hill that the claim could have been collected by due diligence, must mean that the party or parties owing the draft were solvent and able to pay it, or that collection might have been enforced by due process of law, and this allegation is put in issue by the answer in this case. Although the fact stated in the answer be in exoneration or discharge of the defendant, yet if it be stated in reference to the allegations of the bill, the answer is evidence for-the defendant. Alexander v. Wallace, 10 Yer., 109; Gass v. Simpson, 4 Cold., 288; Walter v. McNabb, 1 Heis., 703. And this is so whether the answer be a direct denial or a statement of facts in response. Hopkins v. Spurlock, 2 Heis., 153. We hold, therefore, that it was incumbent on the complainant to prove the allegation of this bill that the debt might have been made by due diligence, in order to entitle him to hold the defendant liable for the amount of this draft. The fact of the insolvency would, perhaps, not of itself excuse the defendant altogether from bringing suit and obtaining judgment, though under some erroneous circumstances it might. But as the complainant has not shown that any loss has occurred by this failure to sue, he would be entitled to no more than nominal damages. The decree of the chancellor will be reversed and a decree rendered for the defendant. "But inasmuch as the complainant, upon-the facts as presented in this record, might have recovered nominal damages at law, the defendant will pay the costs of the court below. The complainant will pay the costs of this court.